IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES ELLIS OWEN,
     Petitioner,

v.                              Case No.  3:11cv350/LC/CJK

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS
     Respondent.

---

## REPORT AND RECOMMENDATION

Before the Court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 32). Respondent filed an answer (doc. 39), having previously submitted relevant portions of the state court record (doc. 17). Petitioner replied. (Doc. 41). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On November 13, 2007, petitioner was charged in the Circuit Court for Okaloosa County, Florida, with robbery with a weapon (Count I), aggravated assault with intent to commit a felony (Count II), and possession or display of a hoax bomb (Count III). (Doc. 17, Ex. A and Ex. B, p. 27).[1] During a court proceeding held on January 31, 2008, the State orally amended the charge on Count I to robbery without a weapon (a second degree felony) and indicated that the charge on Count II would be nolle prossed. (Ex. B, p. 102). Defense counsel affirmed his and petitioner's understanding of the charges, advised the court that petitioner's maximum sentence exposure on the two charges was thirty years imprisonment, and stated petitioner's desire to plead no contest to robbery without a weapon and possession of a hoax bomb. (*Id.*). Defense counsel explained that petitioner was "pleading without an agreement with the State as an open plea to the Court" and "request[ed] a PSI be prepared and it be set for sentencing so we can argue for our mitigation." (*Id.*, p. 103). Petitioner's plea was accompanied by a form entitled "Plea and Sentencing Agreement" signed by petitioner and certified by defense counsel. (Ex. B, pp. 37-40). The first page of the form identifies the charges pending against petitioner as "Robbery" (noted as a second degree felony carrying a maximum possible sentence of 15 years), and "Possession Hoax Bomb" (noted as a second degree felony carrying a maximum possible sentence of 15 years). (Ex. B, p. 37). The plea form states that petitioner pleads nolo contendere. (*Id.*). In the section titled, "Terms of Plea Entry and Sentencing Agreement Agreed Upon By The State And Defendant" there is a notation, "OPEN PLEA TO THE COURT REQUEST SENTENCING HEARING".

---

[1]All references to exhibits will be to those provided at Doc. 17, unless otherwise noted.

(*Id.*).  Petitioner certified on the form that he "understood that the maximum period of imprisonment . . . with regard to the charges to which I am entering my plea are as indicated on page 1 of this agreement . . ." (*Id.*, p. 37 ¶ 7).  Petitioner also certified on the plea form that he understood he was waiving a number of constitutional rights (as listed on the form) by entering the plea.  (*Id.*).

The trial court accepted petitioner's plea.  (*Id.*, pp. 101-04).  The State nolle prossed Count II (aggravated assault with intent to commit a felony).  (*Id.*, pp. 46, 83). After a sentencing hearing held on February 26, 2008, the trial court adjudicated petitioner guilty of robbery without a weapon (Count I) and possession or display of a hoax bomb (Count III), and sentenced petitioner to 20 years imprisonment on Count I and a concurrent term of 5 years imprisonment on Count III.  (*Id.*, pp. 106-117). The original written Judgment and Sentence filed on March 10, 2008, reflected that petitioner was adjudicated guilty of "Robbery W/Out Weapon" and "Possession Or Display Of Hoax Bomb", and sentenced to concurrent terms of 20 years imprisonment on each count.  (*Id.*, pp. 83-91).  Petitioner appealed, and while his appeal was pending filed a motion to modify or reduce sentence arguing that the sentence was too harsh. (*Id.*, p. 93).  The trial court denied the motion after a hearing. (*Id.*, pp. 119-29).  Petitioner then filed a motion to correct sentencing error, arguing: (1) that the court erred in sentencing him to 20 years on Count I, because the sentence exceeded the statutory maximum sentence of 15 years imprisonment, and (2) that the written judgment and sentence must conform to the judge's oral pronouncement of sentence on Count III, which was 5 years imprisonment.  (Ex. C, pp. 131-35).  On October 23, 2008, the trial court granted the motion to correct sentencing error and ordered:  "Defendant is sentenced to fifteen (15) years imprisonment on count I,

robbery without a weapon, along with a concurrent sentence of five (5) years imprisonment on count III, possession of a hoax bomb. The Clerk of this Court is hereby directed to prepare an Amended Judgment and Sentence reflecting the correction." (*Id*., pp. 150-51). An Amended Judgment and Sentence was filed on October 24, 2008. (*Id*., pp. 153-62). Petitioner's direct appeal was dismissed on June 17, 2009, pursuant to petitioner's notice of voluntary dismissal. (Exs. F, G). Petitioner filed three motions for postconviction relief, all of which were denied. (Exs. H-W). The mandate affirming the denial of relief on petitioner's last postconviction motion issued August 1, 2011. (Ex. W).

Petitioner filed his original federal habeas petition in this Court on July 20, 2011. (Doc. 1). Petitioner's amended petition was filed on June 29, 2012. (*See* Doc. 38). The amended petition presents five grounds for relief. Respondent asserts that petitioner is not entitled to federal habeas relief, because petitioner's claims either fail to state a claim on which federal habeas relief can be granted, are procedurally defaulted, or are without merit. (Doc. 39).

LEGAL STANDARDS

Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2]  The appropriate test was described by Justice O'Connor as follows:

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme

---

[2]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, — U.S. —, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652,

124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (*citing Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)). The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision. *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither

an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).  In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  As with the "unreasonable application" clause, the federal court applies an objective test.  *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.").  The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding.  *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct.  28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").  Neither the Supreme Court nor the

Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. 930, 954, 127 S. Ct. 2842. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. at 786.

<u>Exhaustion and Procedural Default</u>

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[3] thereby giving the state the "'opportunity to pass upon and correct'

---

[3]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)   the applicant has exhausted the remedies available in the courts of the

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78.  A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).  A claim is also considered procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default.  *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held

---

State; or

 (B) (i)  there is an absence of available State corrective process; or

  (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

to be procedurally defaulted under state law cannot be addressed by federal courts."); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, the federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower*, 7 F.3d at 210. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the

petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

## DISCUSSION

Ground One      "The court erred in failing to abide by its duties to make the proper advisements and then failed to acknowledge on the record that the court accepted the plea. Therefore, the plea was involuntarily obtained." (Doc. 32, p. 4 and continuation pages 1-3).

Petitioner claims his plea is involuntary because at the plea proceeding the judge: (1) failed to advise petitioner that the court was not bound by the plea agreement, (2) failed to offer petitioner the opportunity to withdraw his plea after the court chose not to accept it or abide by its terms, and (3) failed to formally state on the record that petitioner's plea was accepted. (Doc. 32, p. 4, continuation page 2 of Ground One). Petitioner also states that his understanding of the terms of the plea diverged from the trial court's understanding, because the trial court stated that petitioner's plea did not include an agreement as to sentence, whereas petitioner understood his plea to include an agreement that his sentence would not exceed

fifteen years imprisonment on each count (the statutory maximum for each second degree felony). (*Id.*). Petitioner asserts that he exhausted his state court remedies with respect to this claim by presenting it in his third Rule 3.850 motion as "Issue II." (Doc. 32, p. 4 and continuation page 1).

Respondent asserts that petitioner's allegations fail to state a federal claim, because there is no federal constitutional requirement (or United States Supreme Court precedent interpreting the federal constitution as requiring) that a valid guilty or no contest plea requires an express statement by the court that the plea is accepted. (Doc. 39, pp. 5-6). Respondent also asserts a procedural default defense, arguing that when petitioner presented this claim to the state courts, he raised it as purely a state law issue and failed to apprise the state courts of a federal constitutional basis for his claim. (*Id.*, p. 8). Respondent's final argument is that the claim is without merit, because the state court's rejection of petitioner's claim is consistent with clearly established federal law. (*Id.*, pp. 8-9).

Petitioner argues in his reply that the trial court's duties arose from state and federal rules of court procedure, and that the trial court's violation of those duties rendered his plea involuntary because he thought he would be sentenced in accordance with the terms of his plea and he was not (originally). (Doc. 41, p. 3).

A.      Alleged Violations of Court Rules Of Procedure

To the extent petitioner argues that his plea is invalid because the trial judge's colloquy failed to comply with state or federal rules of procedure governing the taking of pleas, petitioner fails to state a claim cognizable on federal habeas review. Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.

2d 385 (1991) (holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief). The violation of state law or state rules of procedure does not provide a basis for federal habeas relief. *Barclay v. Florida*, 463 U.S. 939, 958-59, 103 S. Ct. 3418, 3429, 77 L. Ed. 2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir.1991) ("Questions of state law [and procedure] rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'") (*quoting Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983)).

Additionally, an alleged violation of Rule 11 of the Federal Rules of Criminal Procedure in the taking of a plea in a state court cannot form the basis of a claim for federal habeas corpus relief. *See Gaddy v. Linahan*, 780 F.2d 935, 943 n. 8 (11th Cir. 1986) ("[T]he procedure prescribed by Rule 11 is not the constitutional minimum required for a knowing and voluntary plea; it merely constitutes the procedure for federal courts. Thus, Rule 11 is not binding on the states. . . .") (citation omitted). Finally, there is no constitutional requirement that a court formally state on the record that the plea is accepted. *Cf. United States v. Morales-Sosa*, 191 F.3d 586, 588 (5th Cir. 1999) (considering the question under Rule 11 of the Federal Rules of Civil Procedure and determining that the trial court actions demonstrated that it "did in fact implicitly accept the plea" and that the "failure to expressly accept" the plea did not affect the defendant's substantial rights, making the error harmless); *United States v.*

*Sanford*, 429 F.3d 104, 107 n.2 (5th Cir. 2005) ("Although the district court did not enter a formal order accepting the guilty plea, the district court's actions indicate that it did, in fact, accept the plea. . . . By entering judgment of guilty and sentencing Sanford, the district court implicitly accepted the guilty plea."); *United States v. Fernandez*, 54 F. App'x 793 (5th Cir. 2002) (rejecting argument that plea agreement is invalid because district court did not "expressly accept or reject" it, and finding the "district court implicitly accepted the agreement . . . by not rejecting it and by ensuring Fernandez received the benefit of the agreement through the promised dismissal of other charges against him.").   Petitioner's claim that the trial judge's plea colloquy failed to conform to state and/or federal rules of court procedure provides no basis for federal habeas relief, since no question of a constitutional nature is involved.

   B.   Alleged Misunderstanding of Plea Terms

   To the extent petitioner claims his plea is involuntary because he and the trial judge did not share a mutual understanding of its terms, petitioner's claim implicates the federal constitution despite petitioner's failure to explicitly label his claim as a due process claim.   Petitioner fairly presented this aspect of his claim to the state court in his third Rule 3.850 motion.   It is true, as respondent points out, that petitioner relied exclusively on state law cases, the Florida Rules of Criminal Procedure, and Black's Law Dictionary. (Doc. 17, Ex. S, pp. 79-81).   Petitioner did not mention federal law or the federal constitution, and did not cite to any federal cases.   The state law cases petitioner cited did not mention or rely on federal cases or the United States Constitution.   Nonetheless, it is readily apparent from the Rule 3.850 court's order denying relief that the state court understood petitioner to be

asserting a claim that his plea was invalid in the constitutional sense.  The state court expressly recognized petitioner's claim as:  "the Court did not ensure that the plea was entered in a knowing and intelligent manner." (Doc. 17, Ex. S, p. 101).  The state court cited to the record of the plea proceeding and concluded that petitioner's claim was "specifically contradicted by the record and is denied without the need for an evidentiary hearing."  (*Id*.).  The state appellate court summarily affirmed without written opinion.

Giving petitioner the benefit of all doubt by construing his claim as a federal constitutional claim and by finding that he properly exhausted this claim in the state courts, petitioner still is not entitled to federal habeas relief, because the state court's denial of relief is consistent with clearly established federal law.  A plea of no contest stands on equal footing with a guilty plea in determining its validity.  *North Carolina v. Alford*, 400 U.S. 25, 35-36, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *Hudson v. United States*, 272 U.S. 451, 47 S. Ct. 127, 129, 71 L. Ed. 347 (1926).  "A guilty plea is an admission of criminal conduct as well as the waiver of the right to trial."  *Finch v. Vaughn*, 67 F.3d 909, 914 (11th Cir. 1995) (*citing Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469, 25 L. Ed. 2d 747 (1970)).  "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."  *Brady* at 748.  The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary intelligent choice among the alternative courses open to the defendant."  *Alford*, 400 U.S. at 31, 91 S. Ct. 160; *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

At the plea hearing held on January 31, 2008, defense counsel advised the

court in petitioner's presence that petitioner would plead no contest to robbery without a weapon and possession of a hoax bomb; that petitioner's maximum sentence exposure on the two charges was a total of thirty years incarceration; and that petitioner was "pleading without an agreement with the State as an open plea to the Court. . . ." (Doc. 17, Ex. B, pp. 102-03). The trial judge placed petitioner under oath, and petitioner affirmed that: (1) he read, understood and signed the written plea form, (2) he went over the plea form with his lawyer, asked his lawyer questions, and received legal advice to his satisfaction, (3) no one mistreated petitioner to get him to enter the plea and (4) petitioner understood that by entering the plea he waived his right to a jury trial. (*Id.*, pp. 103-04). As a final question, the trial judge inquired:

> THE COURT: And you understand there's no agreement as to what you're going to get? I'm going to order a presentence investigation and we're going to come back on February 26 and we'll have a sentencing hearing and your lawyer can argue for zero time and the State can argue for up to 30 years? Correct?
>
> MRS. MAW [prosecutor]: Yes, sir.
>
> MR. MILLER [defense counsel]: That's correct.
>
> THE COURT: I'll base my decision on looking at your life's history, education, military, criminal, family, the whole thing as shown to be in the presentence investigation.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right.

(*Id.*, p. 104). At the sentencing hearing, the prosecutor clarified that petitioner was being sentenced on two second degree felonies and that the maximum total sentence the court could impose was thirty years imprisonment. (*Id.*, p. 116). The trial judge

ruled:

> THE COURT:  I'm adjudging the gentleman guilty of counts one and three and all the – the maximum sentence is 30 years.  I'm only going to sentence him to 20 years.  Count three, I guess would be a concurrent five years, wouldn't it?  Is that right?
>
> MRS. MAW [prosecutor]:  You can impose that, your Honor.
>
> THE COURT:  So he gets 20 years.  He's about what, 59 years of age?
>
> MR. OWEN [petitioner]:  Yes, it's a life sentence.
>
> THE COURT:  So that's pretty much a life sentence if you get out at – you got a little gain time so you'll get out about age 75 or so, still have time to live a little I hope. . . .

(*Id*., p. 117).  After petitioner challenged his sentence on the grounds that the twenty years on Count I exceeded the statutory maximum of fifteen years, the trial court resentenced petitioner to fifteen years imprisonment on Count I.  (Doc. 17, Ex. C, pp. 150-59).  Petitioner's Judgment and Sentence was amended accordingly.

Petitioner's argument that his plea is involuntary rests on a mischaracterization of the plea and sentencing proceedings.  Petitioner says he had a plea agreement with the State whereby he could not be sentenced to more than 15 years imprisonment on each count, and that he and the trial judge did not have a mutual understanding of that sentencing agreement, because the trial judge said there was no agreement as to sentence and imposed a sentence exceeding 15 years on Count I.  This scenario finds no support in reality.

First, petitioner did not have a plea agreement with the State.  The State did not sign the written plea form.  (Ex. B, pp. 40, 42).  The reduction of the charge on Count I from robbery with a weapon to robbery without a weapon was the result of the State

orally amending the Information at the January 31, 2008 hearing (*id*., p. 102), not the result of a plea negotiation. Every state court order addressing petitioner's various postconviction motions describes petitioner as having been <u>charged</u> on Count I with robbery without a weapon. (Ex. C, p. 150; Ex. H, p. 75; Ex. M, p. 61; Ex. S, p. 100). The plea form petitioner signed states in capital letters that petitioner's plea was an "OPEN PLEA TO COURT" (ex. B, p. 37), meaning it did not involve a sentencing agreement or negotiated sentence. The notations on the plea form identifying the statutory maximums for the offenses did not reflect an agreement between petitioner and the State as to petitioner's sentence. The notations merely reflected the maximum possible penalty petitioner could receive by law on each count. Nothing said by any party or the trial judge at the plea or sentencing proceeding indicates that petitioner's plea was the product of a plea agreement with the State.

Second, the trial judge's summary of the sentencing provision of petitioner's plea is consistent with petitioner's written plea form and with petitioner's understanding of the terms of his plea. The trial judge's statement that there was "no agreement" as to sentence was an accurate description of the plea terms and was consistent with petitioner's stated understanding at the plea colloquy that the court would determine sentence independently after a presentence investigation and hearing argument from both sides. The trial judge implicitly accepted petitioner's plea by: (1) stating "All right" at the end of the plea colloquy after satisfying himself that petitioner's plea was free from coercion and that petitioner fully understood the nature of the charges and consequences of his plea, (2) entering judgment adjudicating petitioner guilty of the second degree felonies of robbery without a weapon and possession of a hoax bomb and (3) resentencing petitioner in accordance

with petitioner's plea. The trial court's initial imposition of a twenty-year sentence on Count I reflected a sentencing error (as acknowledged in the court's order granting petitioner's motion to correct sentence), not a misunderstanding or rejection of the petitioner's plea. Had the trial court denied petitioner's motion and upheld the twenty-year sentence, petitioner might have a valid argument; but that is not what happened. The trial court corrected the sentencing error and resentenced petitioner to fifteen years on Count I, consistent with the terms of petitioner's plea and consistent with petitioner's understanding of the consequences of his plea.

The state court's rejection of petitioner's claim was not contrary to, and did not involve an unreasonable application of clearly established federal law. Petitioner is not entitled to federal habeas relief on Ground One.

| Ground Two | "The court was mistaken, confused or misunderstood the maximum sentence the court could impose." (Doc. 32, p. 4 and continuation pages 4-8). |
|---|---|

Petitioner claims a "manifest injustice" occurred when the trial court at sentencing (1) expressed confusion about the offense charged in Count I and the corresponding statutory maximum and (2) imposed a higher sentence on Count I than the statutory maximum for a second degree felony. (Doc. 32, p. 4 and continuation pages 4-5). Petitioner argues that the judge's confusion and sentencing error evidences that he (the judge) was unaware of petitioner's plea agreement and did not accept petitioner's plea, but instead adjudicated petitioner guilty and sentenced him to the first degree felony of robbery with a weapon as originally charged in Count I. (*Id*., continuation pages 5-7). Petitioner states he exhausted his state court remedies with respect to this claim by presenting it in his third Rule 3.850 motion as "Issue III." (Doc. 32, p. 4 and continuation page 4).

Respondent asserts that federal habeas relief should be denied because petitioner's claim is without merit. (Doc. 39, pp. 10-11).

A.    Clearly Established Federal Law

The clearly established federal law governing the validity of a no contest plea is set forth above.

B.    Federal Review of State Court Decision

Petitioner presented this claim to the state courts as "Issue III" in his third Rule 3.850 motion. (Doc. 17, Ex. S, p. 11). The state court denied relief as follows:

> Grounds III and IV – The Defendant claims that the Court and the State were both mistaken with respect to the maximum sentence it could impose. As noted, the Court originally sentenced the Defendant to 20 years DOC for a second degree felony. That sentence was subsequently corrected and reduced to 15 years DOC. Since the sentencing error has been corrected, this claim is denied.

(Doc. 17, Ex. S, p. 101). The state appellate court summarily affirmed the denial of postconviction relief.

Petitioner's reference to the trial judge's confusion is to this exchange at the sentencing hearing:

> MRS. MAW [prosecutor]: Judge, the state's position – I would point out to the court that Detective Devine indicates that on the way to the jail Mr. Owen told her if he is let out of the county jail he would go rob the first bank that he came across and I would point [out] on page 8 of the PSI that probation indicated in their recommendation that Mr. Owen committed these offenses in hopes of being incarcerated. If this was his intent, he should be incarcerated to preclude any further acts of desperation on his part. He doesn't score. That's a crazy thing about the scoresheet. He qualifies for 30 years in prison and I would say to the court that he has earned those and I would ask the court to impose 30 years incarceration in the Department of Corrections.

THE COURT: Actually he qualifies for up to 50 years.

MRS. MAW: I think it's two F2's.

THE COURT: It's one F1, one F3 and one F2.

THE CLERK: Count two is nol pros[s]ed, your Honor.

THE COURT: Count two was nol pros[s]ed?

MRS. MAW: Yes, the aggravated assault was subsumed by the robbery. It's a robbery F2, L6 – F2, L4.

THE COURT: And the maximum he could get is 35, right?

MRS. MAW: Thirty.

THE COURT: Thirty?

MRS. MAW: And that's what we're asking for.

MR. MILLER [defense counsel]: Judge, if I could summarize on one final point. I would understand the hammer coming down on Mr. Owen if he took that money and ran. I'm afraid some of the people that actually did a crime and intended to commit the crime and get some monetary gain might be sentenced less than Mr. Owen. This was an act of desperation. His only intent was to get arrested. It wasn't to scare anybody or deprive anybody of any money. He was seeking help.

. . . .

THE COURT: . . . I'm adjudging the gentleman guilty of counts one and three and all the  – the maximum sentence is 30 years. I'm only going to sentence him to 20 years. Count three, I guess would be a concurrent five years, wouldn't it? Is that right?

MRS. MAW:  You can impose that, your Honor.

THE COURT:  So he gets 20 years.  He's about what, 59 years of age?

MR. OWEN [defendant]:  Yes, it's a life sentence.

THE COURT:  So that's pretty much a life sentence if you get out at – you get a little gain time so you'll get out about age 75 or so, still have time to live a little I hope.  The Florida Department of Corrections will give you some job training in the kitchen or somewhere.  All right.  Thank you.

(Doc. 17, Ex. B, pp. 115-17).

The state court's rejection of petitioner's claim is consistent with clearly established Supreme Court precedent.  As discussed previously, the record conclusively rebuts petitioner's assertion that his plea was the product of a plea agreement with the State, and also conclusively rebuts petitioner's assertion that the court rejected his plea and convicted him of a first degree felony as charged originally on Count I.  Further and more importantly, petitioner fails to establish how the trial judge's confusion (or progressive understanding) at the sentencing hearing, which occurred <u>after</u> petitioner entered (and the trial court accepted) petitioner's plea, retroactively made petitioner's earlier-tendered plea unknowing or involuntary at the time it was made.  Even if such an argument were plausible, which it is not, the trial judge's misstatement concerning sentencing options at sentencing did not render petitioner's plea involuntary or unknowing, because petitioner was ultimately convicted and sentenced in accordance with the terms of his plea.

The state court's rejection of petitioner's claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law.  Petitioner is

not entitled to federal habeas relief on Ground Two.

Ground Three          "The State Attorney advised the court that the court could impose a twenty year sentence on Count I, which exceeded the maximum of fifteen years allowed by law, and therefore, a breach of the plea agreement."  (Doc. 32, p. 5 and continuation page 9).

Petitioner claims the State breached the plea agreement by advising the court at sentencing that it could impose a twenty year sentence on Count I, which exceeded the statutory maximum for the second degree felony of robbery without a weapon, and which fell within the statutory maximum for the first degree felony of robbery with a weapon.  Petitioner asserts that he raised this claim as "Issue IV" in his third Rule 3.850 motion.  (Doc. 32, p. 5).

Respondent asserts that petitioner is not entitled to federal habeas relief, because the claim is without merit and is moot in light of the correction of petitioner's sentence.  (Doc. 39, pp. 11-12).

A.     Clearly Established Federal Law

A criminal defendant has a due process right to enforce the terms of his plea agreement.  *Santobello v. New York*, 404 U.S. 257, 261-62, 92 S. Ct. 495, 499, 30 L. Ed. 2d 427 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.").  The construction and interpretation of the plea agreement are, within broad bounds of reasonableness, matters of state contract law.  *Ricketts v. Adamson*, 483 U.S. 1, 5 n. 3, 107 S. Ct. 2680, 97 L. Ed. 2d 1 (1987).

B.     Federal Review of State Court Decision

Petitioner presented this claim to the state courts as "Issue IV" in his third Rule

3.850 motion.  The state court denied relief as follows:

> Grounds III and IV – The Defendant claims that the Court and the State
> were both mistaken with respect to the maximum sentence it could
> impose.  As noted, the Court originally sentenced the Defendant to 20
> years DOC for a second degree felony.  That sentence was subsequently
> corrected and reduced to 15 years DOC.  Since the sentencing error has
> been corrected, this claim is denied.

(Doc. 17, Ex. S, p. 101).  The state appellate court summarily affirmed the denial of

postconviction relief.

Petitioner's claim fails for several reasons.  First, petitioner's plea was not the

product of a plea agreement with the State and did not rest on any promise by the

prosecutor.  Simply put, there was no promise for the prosecutor to fulfill or breach.

Second, even if the prosecutor's remark could be construed as breaching a

promise that petitioner would be sentenced to no more than 15 years (the statutory

maximum for a second degree felony) on Count I, the state court's rejection of

petitioner's claim is consistent with *Santobello*, because petitioner received specific

performance of the alleged promise when the court resentenced him to 15 years on

Count I.

Finally, to the extent petitioner suggests that the prosecutor's remark caused

petitioner's plea, when entered, to have been involuntary or unknowing, no Supreme

Court precedent supports that proposition.  It is precisely because petitioner's plea

was knowing and voluntary (and hence valid) that the trial judge enforced the plea

and corrected petitioner's sentence.  *Cf. Puckett v. United States*, 556 U.S. 129, 137-

38, 129 S. Ct. 1423, 1430,173 L. Ed. 2d 266 (2009) ("[T]here is nothing to support

the proposition that the Government's breach of a plea agreement retroactively causes

the defendant's agreement to have been unknowing or involuntary.  Any more than

there is anything to support the proposition that a mere breach of contract retroactively causes the other party's promise to have been coerced or induced by fraud. . . . When a defendant agrees to a plea bargain, the Government takes on certain obligations. If those obligations are not met, the defendant is entitled to seek a remedy, which might in some cases be rescission of the agreement, [and in other cases], . . . specific performance of the contract. In any case, it is entirely clear that a breach does not cause the guilty plea, when entered, to have been unknowing or involuntary. It is precisely because the plea was knowing and voluntary (and hence valid) that the Government is obligated to uphold its side of the bargain.") (*citing Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971)).

The state court's rejection of petitioner's claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law. Petitioner is not entitled to federal habeas relief on Ground Three.

| Ground Four | "Trial court erred at resentencing because defendant was not present or represented by counsel which constitutes fundamental error." (Doc. 32, p. 5 and continuation pages 10-14). |
|---|---|

Petitioner claims the trial court commmitted "fundamental error" when it resentenced him in his absence and without counsel. Petitioner argues that Florida Rule of Criminal Procedure 3.180(a)(9) requires that the defendant be present at the pronouncement of judgment and the imposition of sentence, and that his resentencing on Count I was more than a mere ministerial act – it was an attempt to "convert an illegal sentence into a legal sentence without vacating the ambiguous illegal charge and in correcting both the charge and sentence, you have vacated the entire sentencing package on Count I which would require a NEW sentenceing hearing." (Doc. 32, continuation pages 11-12). In other words, petitioner says that the fact that

he was sentenced on the robbery count to twenty years imprisonment (which exceeded the statutory maximum for robbery <u>without</u> a weapon and was within the statutory maximum for robbery <u>with</u> a weapon), means that he was convicted of robbery with a weapon. Thus, petitioner continues, the trial court's resentencing petitioner to fifteen years on Count I was more than just a correction of sentence, it was an implicit vacation of the conviction and sentence of robbery with a weapon on Count I, and the imposition of a new conviction and sentence of robbery without a weapon, thereby requiring a sentencing hearing at which petitioner was present and represented by counsel. Petitioner states he presented this claim to the state courts as "Issue VII" of his third Rule 3.850 motion. (Doc. 32, p. 5).

Respondent asserts that petitioner is not entitled to federal habs relief, because this claim is procedurally defaulted and without merit. (Doc. 39, pp. 12-21).

Petitioner replies that he apprised the state appellate court of the federal constitutional nature of his claim by arguing in his motion for rehearing on appeal of the order denying postconviction relief that the case involved violation of the United States Constitution. (Doc. 41; Doc. 32, continuation page 14 and Ex. A).

A.    Exhaustion and Procedural Default

When petitioner presented his claim in the supplement to his third Rule 3.850 motion, he argued that he was "denied his right to be present and represented by counsel at resentencing" (doc. 17, Ex. S, p. 94). Petitioner relied exclusively on state law cases, Florida Rule of Crminal Proceudre 3.180(a)(9), and Black's Law Dictionary. (Ex. S, p. 93-96). Petitioner did not mention federal law or the federal Constitution, and did not cite to any federal cases. The state law cases petitioner cited did not mention or rely on federal cases or the United States Constitution. Thus, the

state courts in addressing this claim were not apprised of any federal issue and addressed the claim as one of purely state law. The Rule 3.850 denied relief on this claim (which it identified as Ground VI) as follows: "Lastly, the Defendant's physical presence was not required when the Court corrected his sentence from 20 years to 15 years DOC." (Ex. S, p. 102). The court cited in support of its ruling *Henry v. State*, 930 So.2d 716 (Fla. 1st DCA 2006), in which the First DCA remanded a case to the trial court to correct a defendant's sentence and advised the court that it could make the corrections without the defendant's presence: "We note that when a trial court strikes a portion of a sentence or otherwise makes some (even non-clerical) correction that benefits the defendant, the defendant's presence is not required." *Id*. at 718 (*citing Donaldson v. State*, 751 So.2d 174 (Fla. 1st DCA 2000)) (amending sentence to allow credit for jail time). It is apparent from the Rule 3.850 court's decision that it understood petitioner's claim as one arising purely under state law. The state appellate court summarily affirmed without written opinion. Petitioner's assertion of a due process violation in his motion for rehearing does not satisfy the exhaustion requirement, as Florida law provides that a defendant may not obtain a merits review of a claim raised for the first time in a motion for rehearing. "Motions for rehearing are strictly limited to calling an appellate court's attention – without argument – to something the appellate court overlooked or misapprehended." *Cleveland v. State*, 887 So.2d 362, 364 (Fla. 5th DCA 2004); Fla. R. App. P. 9.330 ("A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the movant, the court has overlooked or misapprehended in its decision, and <u>shall not present issues not previously raised in the proceeding</u>. . . .") (emphasis added). "No new ground or position may be assumed in a petition for

rehearing." *Cleveland*, 887 So.2d at 364 (*citing Corporate Group Service, Inc. v. Lymberis*, 146 So.2d 745 (Fla. 1962)); *see also Ayer v. Bush*, 775 So.2d 368 (Fla. 4th DCA 2000) (recognizing that it is a fundamental principal of appellate practice and procedure that matters not argued in the briefs may not be raised for the first time on a motion for rehearing).

Petitioner did not fairly present a constitutional challenge to his resentencing in the state court and is now barred by state procedural rules from returning to state court to present a federal claim. *See* Fla. R. Crim P. 3.850(b) (providing a two-year limitation period for filing a motion for postconviction relief); Fla. R. Crim. P. 3.850(f) (barring the filing of a second or successive postconviction motion). Petitioner makes none of the requisite showings to excuse his default. Petitioner's procedural default forecloses federal habeas review of Ground Four.

B.     Merits

Even giving petitioner the benefit of all doubt by construing his claim as asserting a violation of the Constitution and by finding the claim properly exhausted, petitioner is not entitled to federal habeas relief. Petitioner had no constitutional right to be present or represented by counsel at resentencing.

The Supreme Court has stated that "the presence of a defendant is a condition of due process only to the extent that a fair and just hearing would be thwarted by his absence and to that extent only." *United States v. Gagnon*, 470 U.S. 522, 526, 105 S. Ct. 1482, 84 L. Ed. 2d 486 (1985) (per curiam) (citation omitted). The defendant has no right to be present "when presence would be useless, or the benefit but a shadow." *Snyder v. Massachusetts*, 291 U.S. 97, 106-07, 54 S. Ct. 330, 78 L. Ed. 674 (1934), *overruled on other grounds*, *Malloy v. Hogan*, 378 U.S. 1, 84 S. Ct. 1489, 12

L. Ed. 2d 653 (1964).

Counsel must be afforded to an indigent defendant at every stage of a criminal proceeding where his substantial rights may be affected. *Mempa v. Rhay*, 389 U.S. 128, 134, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967). Supreme Court precedents "have defined critical stages as proceedings between an individual and agents of the State (whether 'formal or informal, in court or out,' . . . ) that amount to 'trial-like confrontations,' at which counsel would help the accused 'in coping with legal problems or . . . meeting his adversary.'" *Rothgery v. Gillespie Cnty. Tex.*, 554 U.S. 191, 212 n. 16, 128 S. Ct. 2578, 171 L. Ed. 2d 366 (2008) (internal citations omitted). "Even though the defendant has no substantive right to a particular sentence within the range authorized by statute, the sentencing is a critical stage of the criminal proceeding at which he is entitled to the effective assistance of counsel." *Gardner v. Florida*, 430 U.S. 349, 358, 97 S. Ct. 1197, 51 L. Ed. 2d 393 (1977) (*citing Mempa v. Rhay*, 389 U.S. 128 (1967)). In *Mempa*, the Supreme Court determined that indigent defendants were entitled to the representation of counsel at probation revocation proceedings at which a recommendation was to be made about the length of sentence to be imposed as a result of the violation. 389 U.S. at 135-37. Counsel's assistance was necessary to establishing the facts of the probation violation, introducing evidence of mitigating circumstances, and generally aiding and assisting the defendant in presenting his case as to the appropriate sentence. *Id*. at 135.

Here, the state court record conclusively establishes that petitioner entered an open plea to robbery without a weapon (Count I) and possession of a hoax bomb (Count III). The trial court held a sentencing hearing where petitioner was represented and allowed extensive allocution. Petitioner went on about how the

crime came about and his intent (to "get federal time" for a term long enough to "get me a new occupation"). (Ex. B, pp. 110-11). Defense counsel argued in favor of probation. (*Id.*). After the presentation, the trial court determined that a twenty-year sentence was appropriate on Count I (robbery without a weapon) and a concurrent five-year sentence was appropriate on Count III (possession of a hoax bomb). The court imposed those sentences, and judgment was entered convicting petitioner of robbery without a weapon (not robbery with a weapon as petitioner asserts) and possession of a hoax bomb. The original judgment reflected twenty-year sentences on both counts. Petitioner, through counsel, filed a Motion to Correct Illegal Sentence arguing that the twenty-year sentence for robbery without a weapon exceeded the statutory maximum of fifteen years, and was illegal. Petitioner proposed that the court resentence him on Count I to a sentence not exceeding fifteen years, and that the court enter a corrected judgment and sentence reflecting the reduced sentence and the correct five-year concurrent sentence on Count III. As the matters raised in petitioner's motion could be resolved as a matter of law, the trial court granted the motion without a hearing, reduced petitioner's sentence on Count I to fifteen years and amended the judgment and sentence to reflect that modification as well as the correct sentence on Count III. Contrary to petitioner's assertion, the trial court did not vacate or set aside either of petitioner's convictions or sentences.

The state court's decision – that petitioner was not entitled to be present and represented by counsel for the type of remedial sentence reduction at issue here – was not contrary to, and did not involve an unreasonable application of clearly established federal law. The Supreme Court has not explicitly extended the holding of *Mempa* to situations where the defendant is resentenced following the complete

vacation of the original sentence and imposition of new sentence, let alone to situations where a defendant's sentence is merely corrected in a collateral proceeding, such as the case here. *Morris v. Buss*, No. 3:08cv223/RV/EMT, 2011 WL 839340, at *12 (N.D. Fla. Feb. 3, 2011) (recognizing that the Supreme Court has not extended the holding of *Mempa* to either of those situations) (*citing Schmidt v. McDonough*, No. 5:04cv95/RS/AK, 2007 WL 2083643, at *13 (N.D. Fla. 2007)); *see also Isaacs v. Head*, 300 F.3d 1232, 1252 (11th Cir. 2002) ("In applying the 'contrary to' prong of § 2254(d), we have recognized that where no Supreme Court precedent is on point, 'we cannot say that the state court's conclusion . . . is contrary to clearly established Federal law as determined by the U.S. Supreme Court.'") (*quoting McIntyre v. Williams*, 216 F.3d 1254, 1258 (11th Cir. 2002)); *Carey v. Musladin*, 549 U.S. 70, 76-77, 127 S. Ct. 649, 654, 166 L. Ed. 2d 482 (2006) (holding that given the lack of holdings from the Supreme Court regarding the issue presented in the § 2254 petition, it could not be said that the state court "unreasonably applied clearly established Federal law").

Further, it was not unreasonable for the state court to decline to extend the legal principles from Supreme Court case law to the remedial correction of petitioner's sentence. The Eleventh Circuit has extended the ruling in *Mempa* to situations where the defendant is resentenced following the <u>vacation of the original sentencing package in its entirety</u>, but that is not what happened in petitioner's case. *See Hall v. Moore*, 253 F.3d 624, 627-28 (11th Cir. 2001) (granting habeas relief under § 2254 based on Eleventh Circuit (not Supreme Court) precedent that "len[t] guidance to a resolution of th[e] issue"; holding that the absence of counsel at defendant's resentencing violated the Sixth Amendment right to counsel, because although the

appellate court reversed only one of three convictions and affirmed the remaining two, the appellate court also vacated the remaining two sentences due to the trial court's lack of jurisdiction at the time of rendering sentence, and remanded for resentencing); *United States v. Taylor*, 11 F.3d 149, 152 (11th Cir. 1994) (holding that resentencing the defendant following the setting aside and vacation of his original sentence involved an imposition of a new sentence requiring defendant's presence and opportunity to speak; if court had merely reduced the original sentence to the non-enhanced statutory maximum and entered an order amending the judgment and sentence, which the court could have done and which would have involved only a modification of sentence, defendant's presence would not have been required); *Johnson v. United States*, 619 F.2d 366 (5th Cir. 1980) (defendant's resentencing following vacation of the entire original sentencing package (i.e., all three of the defendant's original sentences) required defendant's presence and representation by counsel). Petitioner's original sentencing package was not vacated in its entirety. The trial court did not vacate anything.

The Eleventh Circuit has distinguished remedial sentence reductions such as took place here, from proceedings imposing a new sentence after vacation of the original sentence. In the former situation, neither the defendant's presence nor representation by counsel is required by the Constitution. *See United States v. Jackson*, 923 F.2d 1494, 1496-97 (11th Cir. 1991) (where the entire sentencing package has not been set aside, correction of an illegal sentence does not constitute resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous). The Eleventh Circuit in *Jackson* explained the rationale behind this exception:

This exception to the presence-at-sentencing requirement is logical and fair given the requirement's constitutional base and rationale: to ensure that at sentencing – a critical stage of the proceedings against the accused – the defendant has an opportunity to challenge the accuracy of information the sentencing judge may rely on, to argue about its reliability and the weight the information should be given, and to present any evidence in mitigation he may have. *See Huff*, 512 F.2d at 71; *cf. Mempa v. Rhay*, 389 U.S. 128, 133, 88 S. Ct. 254, 256, 19 L. Ed. 2d 336 (1967). For an initial sentencing, or even a resentencing where an entire sentencing package has been vacated on appeal, a hearing at which the defendant is present with counsel will generally be necessary to accomplish this purpose. But in the context of a remedial reduction of sentence after a successful Rule 35 challenge to the legality of the original sentence, this necessary process has already occurred. There has already been a sentencing hearing at which the defendant had the opportunity to rebut evidence in the presentence investigation report and to present evidence in mitigation; the sentencing judge has made the necessary credibility determinations and exercised the necessary discretion to fashion a sentencing package which he has determined, in fact, is the appropriate penalty considering the defendant's conduct and level of culpability. If the prison terms imposed on some but not all of the counts are then held to be illegally long, the illegal terms must be reduced; but the whole process need not start anew. In constitutional terms, a remedial sentence reduction is not a critical stage of the proceedings; so, the defendant's presence is not required.

*Id*. at 1496-97 (*citing United States v. Huff*, 512 F.2d 66 (5th Cir. 1975)); *see also, e.g., United States v. Brewer*, 360 F. App'x. 28, 29 (11th Cir. 2010) (rejecting defendant's claim that district court's denial of motion for resentencing hearing and resentencing him in absentia violated due process and equal protection where the district court entered an amended judgment vacating the conviction and sentence imposed on one count but did not alter the sentences for the remaining counts, and nothing in the record suggested that the defendant did not have the opportunity to

challenge the sentencing information and present mitigating evidence at his original sentencing hearing); *United States v. Orjuna*, 351 F. App'x 418, 420 (11th Cir. 2009) (defendant has no Fifth or Sixth Amendment right to be present at Rule 35(b) proceeding to reduce his sentence for substantial assistance, because the defendant faces no new threat of additional loss of liberty).[4]

The state sentencing court in petitioner's case did not set aside and vacate "the entire sentencing package"; instead, the court left intact everything but the remedial reduction of petitioner's sentence on Count I to within the statutory maximum. The correction of petitioner's sentence in the Rule 3.800 proceeding did not constitute a new adjudication of guilt or the imposition of a new sentence, and was not a "critical stage" requiring petitioner's presence or representation by counsel. *E.g. Morris v. Buss*, No. 3:08cv223/RV/EMT, 2011 WL 839340, at *12 (N.D. Fla. Feb. 3, 2011) (denying federal habeas relief on state prisoner's claim that state court violated the Constitution by resentencing him in abstentia and without counsel after the state court granted prisoner's Rule 3.800 motion and resentenced him to a non-enhanced sentence); *Duharte v. McNeil*, No. 08-20964-CIV, 2009 WL 377157, at *10 (S.D. Fla. Feb.12, 2009) (denying federal habeas relief on state prisoner's due process claim that she was unlawfully denied the right to counsel when the trial court reduced her sentences on two counts during postconviction proceedings from twenty years to five

---

[4]The undersigned cites *Brewer* and *Orjuna* only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2. Additionally, the sentences in *Jackson* and *Brewer* were corrected pursuant to former Rule 35(a) of the Federal Rules of Criminal Procedure (amended in 1991), which permitted a district court to correct "an illegal sentence" at any time, which is analogous to Rule 3.800(a) and (b) of the Florida Rules of Criminal Procedure, the procedural vehicle through which petitioner sought and received correction of his sentence.

years to conform to the statutory maximum; trial court did not set aside entire sentencing package and instead left intact everything but the correction of those sentences, which resulted in the reduction of the sentences).

The state court's rejection of petitioner's claim was not contrary to, and did not involve an unreasonable application of clearly established federal law. Petitioner is not entitled to federal habeas relief on Ground Four.

| | |
|---|---|
| Ground Five | Petitioner's plea is invalid because defense counsel provided ineffective assistance during petitioner's plea and original sentencing proceedings, and failed to file a motion to withdraw petitioner's plea. (Doc. 32, continuation pages 14-16). |

Petitioner's final claim is that all of the issues raised thus far "suggest" that petitioner's trial counsel was ineffective, because counsel failed to identify or recognize all the "direct, obvious and observable errors described herein." (Doc. 32, continuation pages 14-15). Petitioner alleges that counsel should have objected to the errors described in Grounds One through Four above, advised petitioner of his right to withdraw his plea, and filed a motion to withdraw plea on petitioner's behalf. Plaintiff argues that he was prejudiced by counsel's conduct, because as a result of counsel's performance "defendant's plea of nolo contendere was obtained involuntarily." (*Id*., continuation page 15). Petitioner asserts that he exhausted his state court remedies with respect to this claim by raising it as "Issue V" in his third Rule 3.850 motion. (*Id*.).

Respondent asserts that this claim is insufficiently pled and without merit, because petitioner does not identify any specific act or omission of counsel, except that counsel failed to file a motion to withdraw plea. With regard to that presumed omission, says respondent, petitioner can neither demonstrate constitutionally

deficient conduct nor prejudice, because petitioner fails to identify any meritorious basis to have his plea withdrawn and because petitioner did seek to have his plea withdrawn in his various motions for postconviction relief. (Doc. 39, pp. 21, 26-27).

A.    Clearly Established Federal Law

The assistance of counsel received by a defendant is relevant to the question of whether a defendant's guilty plea was knowing and intelligent insofar as it affects the defendant's knowledge and understanding. *See McMann v. Richardson*, 397 U.S. 759, 770-71, 90 S. Ct. 1441, 1448-49, 25 L. Ed. 2d 763 (1970). When a petitioner challenges the validity of his plea on allegations of ineffective assistance of counsel, the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), applies. *Hill v. Lockhart*, 474 U.S. 52, 57-58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); *see also Missouri v. Frye*, — U.S. —, 132 S. Ct. 1399, 1404, — L. Ed. 2d — (2012) ("[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland*."). Petitioner must establish that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the plea context, "[t]he . . . 'prejudice' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59, 106 S. Ct. 366.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, — U.S. —, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all

the more difficult." *Richter*, 131 S. Ct. at 788. As the *Richter* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

### B.     Federal Review of State Court Decision

The Rule 3.850 court denied relief on this claim, explaining:

> "The Defendant claims that his attorney erred by filing a motion to have his sentence corrected from 20 years DOC to 15. Instead of seeking a correction in his sentence, the Defendant writes that counsel should have insisted that this plea be withdrawn. The remedy for the Court's error was not to allow the plea to be withdrawn. Rather, the Defendant was entitled to be sentenced to a lawful term which was consistent with the plea agreement."

(Doc. 17, Ex. S, pp. 101-02).

This Court has already concluded that none of the alleged errors set forth in Grounds One through Four implicate the voluntariness of petitioner's plea. Petitioner fails to establish that no reasonable attorney encountering the circumstances defense counsel faced would have filed a motion to correct sentence instead of moving to withdraw the plea. Petitioner also fails to demonstrate that had counsel moved to withdraw petitioner's plea, there is a reasonable probability that the court would have allowed petitioner to withdraw his plea and that petitioner's conviction or sentence, or both, would have been less severe (either through a plea offer or trial) than under the judgment and sentence that in fact was imposed.

The state court's rejection of petitioner's claim was not contrary to and did not involve an unreasonable application of clearly established federal law. Petitioner is not entitled to federal habeas relief on Ground Five.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the amended petition for writ of habeas corpus (doc. 32), challenging

the judgment of conviction and sentence in *State of Florida v. Charles Ellis Owen* in the Circuit Court for Okaloosa County, Florida, Case No. 07-CF-2561 be DENIED, and the Clerk be directed to close the file.

    2.  That a certificate of appealability be DENIED.

    At Pensacola, Florida this 8th day of January, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).